UNITED STATES DISTRICT COURT
IN THE EASTRN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DUFFY,
    Plaintiff,
-vs.-                                          **DEMAND FOR JURY TRIAL**

WILLIAMS AND FUDGE, INC.
a South Carolina corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Sean Duffy through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Williams and Fudge, Inc. which is a South Carolina corporation that maintains registered offices in Oakland County, Michigan.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt alleged owed by Plaintiff to Spring Harbor University in the amount of $3,329.89.

7. On or about March 16, 2011, Defendant sent Plaintiff a latter regarding the alleged debt.

8. On or about March 19, 2011, Plaintiff sent a letter to Defendant demanding validation of the alleged debt.

9. On or about April 4, 2011, Defendant sent Plaintiff validation of the alleged debt.

10. On or about April 20, 2011, Plaintiff, through counsel, faxed and mailed a cease and desist letter to Defendant.

11. On or about April 20, 2011, Phil Welte, Defendant's representative, called Plaintiff's counsel, Nitzkin & Associates from 803-326-1245 and spoke with Julie LaManna. He asked Mrs. LaManna how our Plaintiff is going to be paying this alleged debt and said he was in receipt of our cease and desist letter.

12. On April 21, 2011, Mr. Welte contacted the Plaintiff, despite the Cease and Desist letter.

13. On or about April 25, 2011, Defendant called Nitzkin & Associates again and spoke with Mr. Nitzkin. In that conversation, Mr. Welte demanded payment on the debt. Mr. Nitzkin demanded payment on the Fair Debt Collection Practices Act violation.'

14. On or about April 26, 2011, Defendant sent a letter to Plaintiff's counsel which stated "…you have failed to respond within a reasonable period allowing us to contact the consumer directly. See 15 USC(c)(2)." This letter also stated that if Defendant does not receive a response from Plaintiff's counsel's office, then Defendant will assume counsel no longer represents Plaintiff and that it may seek to collect the balance directly from the consumer.

15.  On or about May 2, 2011, Plaintiff's counsel faxed and mailed another cease and desist letter to Defendant.

16. On June 22, 2011, Mr. Welte told Plaintiff that he attempted to send Nitzkin & Associates a letter, but he messed something up in the system and the letter was never sent.

17. On or about July 18, 2011, Defendant sent Plaintiff's counsel yet another letter asking it again to contact them to resolve this matter. In this letter, Defendant states, "…you have failed to respond within a reasonable period allowing us to contact the consumer directly. See 15 U.S.C.(c)(2)." This letter also states that if they do not receive a response from Plaintiff's counsel's office, then they will assume Plaintiff's counsel no longer represents Plaintiff and that it may seek to collect the balance directly from the consumer.

18. On or about September 13, 2011, Defendant called Plaintiff again and left him a voicemail.

19. Plaintiff returned Defendant's call on or about September 13, 2011 and spoke with a "Phil W." Phil confirmed that they are trying to collect regarding the alleged Spring Harbor University debt.

20. Phil said to Plaintiff, "At one point, you were being represented by an attorney and they are not returning my calls." Phil gave Plaintiff a Timeline regarding the attempts that Defendant has attempted to contact Nitzkin & Associates.

21. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates the preceding allegations by reference.

23. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

25. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

27. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

30. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

31. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

32. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

33. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiff incorporates the preceding allegations by reference.

35. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

36. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

37. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

38. Plaintiff has suffered damages as a result of these violations of the MCPA.

39. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

September 26, 2011
    /s/ Gary Nitzkin
    GARY D. NITZKIN  P41155
    MICHIGAN CONSUMER CREDIT LAWYERS
    Attorneys for Plaintiff
    22142 West Nine Mile Road
    Southfield, MI 48033
    (248) 353-2882
    Fax (248) 353-4840
    Email – gary@micreditlawyer.com